Dear District Attorney Harrold,
¶ 0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following question:
May Wagoner County build a detached annex to its jail onproperty two blocks away from the jail, but within one thousand(1,000) feet of an elementary school, given that the jail alreadyexists within that distance and is specifically exempted from thedistance requirements of 57 O.S. Supp. 1998, § 563(C),because it was in operation before May 20, 1994?
¶ 1 Your question asks if Wagoner County may build a detached annex to its jail two blocks away from the jail, but within thousand (1,000) feet of an elementary school, given that the jail already exists within that distance and is specifically exempt, because it was in operation before May 20, 1994. Title 57 of the Oklahoma Statutes requires, in part, as follows:
 No state, county or municipal correctional facility including any inmate work center, inmate drug offender work camp, inmate halfway house, inmate transitional living center and any other place where state, county or municipal inmates are housed shall be located within one thousand (1,000) feet of any public or private elementary or secondary school. . . . The provisions of this subsection shall not apply to any inmate work center, inmate drug offender work camp, inmate halfway house, inmate transitional living center and any other place where state, county or municipal inmates are housed established prior to May 20, 1994.
57 O.S. Supp. 1998, § 563[57-563](C) (emphasis added).
¶ 2 "The primary goal of statutory construction is to determine legislative intent. That intent is to be ascertained from the statute in light of its general purpose and object. It is presumed that the legislature has expressed its intent in a statute and that it intended what it so expressed. The statute should then be interpreted to attain that purpose and end." TXOProduction Corporation v. Oklahoma Corporation Commission,829 P.2d 964, 968-969 (Okla. 1992).
¶ 3 Through Subsection 563(C) it is clear that the Legislature intends to provide a minimum distance of at least one thousand (1,000) feet between any public or private elementary or secondary school and a state, county, or municipal correctional facility established on or after May 20, 1994. Your question states that the Wagoner County jail was established prior to said date. However, the proposed annex to the jail is to be detached and located two blocks away from the existing jail, but within one thousand (1,000) feet of an elementary school. Here we must determine if the following exception language of Subsection 563(C) applies to the proposed annex: "[t]he provisions of this subsection shall not apply to . . . any other place where . . . county . . . inmates are housed established prior to May 20,1994." (Emphasis added.)
¶ 4 "Words used in any [Oklahoma] statute are to be understood in their ordinary sense, except when a contrary intention plainly appears. . . ." 25 O.S. 1991, § 1[25-1]. Webster's Third New International Dictionary 1727 (1993) defines "place" to mean: "a building or locality used for a special purpose."
¶ 5 Because the proposed jail annex would be detached and located two blocks away from the existing jail in space not previously used as a jail, then such space does not satisfy the exemption language of Subsection 563(C). Therefore, Wagoner County may not locate a detached annex to its jail on property two blocks away from the jail, but within one thousand (1,000) feet of an elementary school, notwithstanding that the jail already exists within that distance and is specifically exempted from the distance requirements of 57 O.S. Supp. 1998, § 563[57-563](C), because it was in operation before May 20, 1994.
¶ 6 However, in 1998, the Legislature amended Subsection 563(C), in part, as follows:
 Provided, that the provisions of this subsection shall not apply to state, county, or municipal correctional facilities that are granted permission
to operate within the areas restricted by this subsection by a majority vote of the following entities:
 1. The district board of education of each school district with an affected school; and
 2. The governing body of each affected private school.
57 O.S. Supp. 1998, § 563[57-563](C) (emphasis added).
¶ 7 See also 70 O.S. Supp. 1998, § 5-117.1a[70-5-117.1a] in which the Legislature further empowers the board of education of a school district or a private school, by "a majority vote of the board [to] allow a correctional facility operated by the Department of Corrections, a county, a municipality, or a private corporation to operate within the areas restricted by [57 O.S. Supp. 1998,§§ 563[57-563] and 563.1]."
¶ 8 Therefore, the Wagoner School Board may grant permission for Wagoner County to build a detached annex to the county's jail even though it will be located within one thousand (1,000) feet of the school district's elementary school.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Absent permission as provided in 57 O.S. Supp. 1998, §563(C), Wagoner County may not locate a detached annex to itsjail on property two blocks away from the jail, but within onethousand (1,000) feet of an elementary school, notwithstandingthe jail already exists within that distance and is specificallyexempted from the distance requirements of 57 O.S. Supp. 1998,§ 563(C), because it was in operation before May 20, 1994.
 2. The Wagoner School Board may grant permission for WagonerCounty to build a detached annex to the county's jail even thoughit will be located within one thousand (1,000) feet of the schooldistrict's elementary school. 57 O.S. Supp. 1998, § 563(C);70 O.S. 1998, § 5-117.1a[70-5-117.1a].
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOHN CRITTENDEN ASSISTANT ATTORNEY GENERAL